# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>v.<br><br>TIMOTHY T. HOLLINS,<br><br>             Defendant. | Case No. 22-CR-124-JPS<br><br>**ORDER** |

### 1. INTRODUCTION

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited May 29, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* Part B of Amendment 821 allows for a two-level decrease in a defendant's offense level if the defendant has no criminal history points and their offense of conviction did not involve any of the nine specified aggravating factors (the

"Zero-Point Offender Amendment"). U.S.S.G. § 4C1.1(a). In August 2023, the Commission voted to give retroactive effect to these portions of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited May 29, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In May 2024, Defendant Timothy T. Hollins ("Defendant") moved for a sentence reduction under Amendment 821. ECF No. 54. Defendant specifically requests relief under either the Status Point Amendment or the Zero-Point Offender Amendment, and he requests appointment of counsel "to represent his request, if required." *Id.* at 1.

**2.     LAW AND ANALYSIS**

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

In the case of Amendment 821, the relevant policy statement is U.S.S.G. § 1B1.10. That provision states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s), subject to exceptions not applicable here. U.S.S.G. § 1B1.10(b)(2)(A); U.S.S.G. § 1B1.10(b)(2)(B), (c) (setting forth exceptions).

Defendant is not eligible for a reduced term of imprisonment under the Status Point Amendment because he did not receive any status points. ECF No. 46 at 17. He is also not eligible for a reduced term of imprisonment under the Zero-Point Offender Amendment because he received nine criminal history points. *Id.* Accordingly, the Court is constrained to deny Defendant's motion for a sentence reduction under Amendment 821, ECF No. 54, and need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.[2] The Court denies Defendant's associated request for appointment of counsel as moot.

---

[2] Defendant submits an exhibit to his motion in which he inquires (1) why he was assessed criminal history points for a firearm charge and (2) why his "Pattern Risk scores" reflect "General and Violence points" added due to an escape. ECF No. 54-1.

As to Defendant's first inquiry, Defendant's presentence report states that Defendant received a two-level enhancement for possession of a firearm, which was found during a search of his vehicle on January 25, 2022. ECF No. 46 at 7 ("Pursuant to USSG §2D1.1(b)(1), a two-level increase is given if the defendant possessed a firearm or other dangerous weapon. In the search warrant executed at

Accordingly,

**IT IS ORDERED** that Defendant Timothy T. Hollins's motion to reduce his sentence under Amendment 821, ECF No. 54, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Timothy T. Hollins's request for appointment of counsel, ECF No. 54, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the Clerk of Court mail, with this Order, a copy of this District's form 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence to Defendant Timothy T. Hollins.

---

Mr. Hollins's vehicle on January 25, 2022, law enforcement agents found a loaded Taurus, model G2C, 9mm pistol, bearing serial number ACH154259 along with drugs and drug paraphernalia. Therefore, pursuant to USSG §2D1.1(b)(1), a two-level enhancement for possession of a dangerous weapon shall be applied.").

Defendant did not object to this enhancement at sentencing, nor did he file a direct appeal. ECF No. 51 at 1. If couched as an ineffective assistance of counsel claim, Defendant is still able to timely challenge the application of the enhancement collaterally under 28 U.S.C. § 2255 despite the fact that Defendant did not file a direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion). Section 2255(f)(1) provides that such a motion must be filed within one-year of the date on which Defendant's judgment of conviction became final. Here, Defendant's judgment of conviction became final fourteen days after he was sentenced, or on July 28, 2023. *See Juarez v. United States*, No. 18-3309, 2022 WL 799066, at *2 (C.D. Ill. March 15, 2022) (citing *Clay v. United States*, 537 U.S. 522, 524–25 (2003)); ECF No. 52. Should Defendant wish to pursue this claim, a form § 2255 motion will be included with this Order.

As to Defendant's second inquiry, challenges to Bureau of Prisons sentencing credits and calculations, including as to "PATTERN" risk scoring, may be raised through a petition under 28 U.S.C. § 2241, after exhaustion of the Bureau of Prisons' administrative procedures. *See United States v. Walker*, 917 F.3d 989, 994 (7th Cir. 2019) (citing *Jake v. Herschberger*, 173 F.3d 1059, 1063 (7th Cir. 1999) and *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992)); *see also Booker v. Williams*, No. 21-cv-00215-JPG, 2022 WL 4314362, at *3 (S.D. Ill. Sept. 19, 2022) (as to PATTERN risk scoring).

Dated at Milwaukee, Wisconsin, this 29th day of May, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge